UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 1:20-CR- |
| v. : | (JUDGE          ) |
| KYLE BOWER, : | |
| Defendant. : | |

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

COUNT 1

Conspiracy to Violate the Travel Act
(Title 18, United States Code, Section 371)

At times relevant to this Information:

1. The Dauphin County Prison is an adult detention facility located at 501 Mall Road in Harrisburg, Pennsylvania.

2. The Dauphin County Prison houses an average of 1,000 inmates and provides for the care, custody, and control of both pre-trial detainees and sentenced offenders.

3. In addition to housing pre-trial detainees facing local charges, the Dauphin County Prison contracts with the United States Marshals Service to house pre-trial detainees facing federal charges in

the Middle District of Pennsylvania.

4. In order to provide a safe and secure environment for inmates and staff, Dauphin County Prison prohibits the introduction and possession of certain contraband items, to include cellular telephones.

5. The Dauphin County Prison correctional officers, staff, and contractors, are entrusted by Dauphin County, Pennsylvania to provide for a safe and secure environment for inmates and prison staff.

6. **KYLE BOWER** was employed as a Dauphin County correctional officer from on or about September 2014 through on or about May 2016.

7. Correctional officers, staff, and contract employees are duty-bound to protect the public from those individuals the courts have seen fit to incarcerate and to provide a safe and secure environment inside the Dauphin County Prison for both the inmates and staff.

8. Western Union Financial Services, Inc. (Western Union) is a global money transfer company with more than 500,000 agent/outlets around the World.

9. MoneyGram International (MoneyGram) is a global money

transfer company with more than 300,000 agent/outlets around the World.

## The Conspiracy

10. From on or about October 2015, and continuing to on or about January 2016, in Dauphin, York, and Franklin counties, within the Middle District of Pennsylvania, within the District of Puerto Rico, and elsewhere,

**KYLE BOWER,**

combined, conspired, confederated, and agreed with other persons, known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally use and cause to be used a facility in interstate commerce, namely an interstate money transfer service, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, bribery, in violation of 18 Pa.C.S.A. Section 4701, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of

such unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3).

## Manner and Means

11. The manner and means by which **KYLE BOWER** and others sought to accomplish the object of the conspiracy included, among other things, the following:

   a. An inmate at Dauphin County Prison, identified as **Co-conspirator 1**, would negotiate bribe payments for prison staff, arrange for those outside the prison to secure payment via interstate money transfer facilities, and smuggle the contraband through the prison to other inmates.

   b. Outside of the prison, **Co-conspirator 2** on behalf of an inmate at Dauphin County Prison would send and receive money via interstate money transfer as payment for contraband, would meet outside of the prison with individuals involved in the smuggling, and would transfer funds and cellular telephones to those individuals to facilitate the smuggling into the prison.

c. Outside of the prison, **Co-conspirator 3** on behalf of Co-conspirator 1 would meet with individuals involved in the smuggling, accept payment for the smuggling, and transfer payments and contraband to prison staff for smuggling.

d. **KYLER BOWER** would accept monetary payment from co-conspirators as bribes for smuggling the contraband into the prison and would smuggle the contraband into the prison.

## Overt Acts

12. In furtherance of this conspiracy and to effect and accomplish the objects of the conspiracy, **KYLE BOWER** and one or more of the co-conspirators, committed, and caused to be committed, among others, the following overt acts in the Middle District of Pennsylvania and elsewhere:

   a. In approximately the fall of 2015, **Co-conspirator 1** offered to have others outside of Dauphin County Prison pay **KYLE BOWER** bribes if he would smuggle cellular telephones into the prison. **KYLE BOWER** agreed to take the bribes and smuggle cellular telephones into the prison.

   b. Beginning in the fall of 2015 and for months thereafter, **Co-**

  conspirator 3 and others delivered cellular telephones and cash payments to **KYLE BOWER** for smuggling into Dauphin County Prison.

c. Beginning in the fall of 2015 and continuing for months thereafter, **KYLE BOWER** smuggled cellular telephones into the Dauphin County Prison and provided them to **Co-conspirator 3**.

d. **Co-conspirator 3** provided cellular telephones to unindicted co-conspirator inmates for use within Dauphin County Prison.

e. On or about October 28, 2015, an inmate sent to **Co-conspirator 2** a text message from within Dauphin County Prison, which contained the contact information for **Co-conspirator 3**.

f. On or about November 3 and 4, 2015, **Co-conspirator 2** and **Co-conspirator 3** communicated via telephone, a facility in interstate commerce.

All in violation of Title 18, United States Code, Section 371.

DAVID J. FREED
United States Attorney

_7/31/2020_   By: _/s/ Michael A. Consiglio_
DATE              MICHAEL A. CONSIGLIO
                  ASSISTANT U.S. ATTORNEY